# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **THOMAS COLBERT**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | Case No. 2:25-cv-1153 |
| **RUBBER TREE FLOORING & DESIGN, LLC**, a Florida limited liability company, | Judge: |
| | Mag. Judge: |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, THOMAS COLBERT ("COLBERT" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action for unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA").

## PARTIES

2. The Plaintiff is an individual and resident of Florida who at all material times worked for the Defendant in Charlotte County, Florida. At all times, Plaintiff had enterprise and individual coverage under the FLSA during

1

his employment with the Defendant, RUBBER TREE FLOORING AND DESIGN LLC ("Defendant"). At all material times, Plaintiff was employed by the Defendant in sales. Plaintiff performed work for the Defendant in locations throughout Florida, which is within the Middle District of Florida, during the events giving rise to this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District of Florida. While performing services for the Defendant, Plaintiff was engaged in interstate commerce, including selling and delivering flooring materials that moved in interstate commerce.

3.     The Defendant RUBBER TREE FLOORING AND DESIGN LLC ("Defendant") is a Florida limited liability company engaged in the business of flooring sales and design. Defendant has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). Defendant's employees are engaged in interstate commerce through their business model which involves interstate operations including: the sale and installation of flooring materials; cross-border supply chains involving the movement of raw materials, components, and finished products between different states within the United States; and handling goods and materials that move in interstate commerce.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff performed work for the Defendant who conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04.

## GENERAL ALLEGATIONS

6. COLBERT began his employment with the Defendant on or about June 2024, and was employed in sales.

7. COLBERT always performed his assigned duties in a professional manner and was very well qualified for his position.

8. The Defendant paid COLBERT at the rate of $20.00 per hour plus commissions and misclassified him as an independent contractor when in fact he was a non-exempt employee.

9. COLBERT's job duties were of a strictly non-exempt nature, consisting of sales duties involving the sale and delivery of flooring products and design services throughout Florida.

10. From June 2024 to September 18, 2025, the Defendant misclassified COLBERT as an independent contractor and paid him on an hourly basis with commissions without overtime compensation.

11. During that time, COLBERT worked in excess of 40-hours per week nearly each week he was employed by the Defendant, averaging approximately 52-hours per week without receiving overtime compensation he was lawfully entitled to under the FLSA.

12. Despite being classified as an independent contractor, the Defendant exercised significant control over COLBERT's work, including setting his schedules, determining his routes, dictating how and when to perform his duties, and requiring him to be present every day.

13. COLBERT resigned from his employment on September 18, 2025.

14. The Defendant has thus violated the FLSA by failing to pay overtime wages due to COLBERT while misclassifying him as an independent contractor.

**COUNT I: VIOLATION OF THE FLSA - UNPAID OVERTIME**

15. The Plaintiff hereby incorporates Paragraphs 1-14 in this Count as though fully set forth herein.

16. Plaintiff was a covered, non-exempt employee under the FLSA at all times during his employment with the Defendant.

17. The Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked in excess of 40 hours per week.

18. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during his employment, including compensation, scheduling, route determination, and work methods.

19. The Defendant was Plaintiff's employer and is liable for violations of the FLSA in this case.

20. The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half for all hours worked over 40 per week.

21. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper overtime for all hours worked over 40 per week.

22. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

23. The Defendant is the proximate cause of Plaintiff's damages.

WHEREFORE, the Plaintiff prays that this Honorable Court enter a Judgment in Plaintiff's favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

                                                      Respectfully submitted,

Dated: December 11, 2025    **/s/ Benjamin H. Yormak**
                                                     Benjamin H. Yormak
                                                     Florida Bar Number 71272
                                                     Lead Counsel for Plaintiff
                                                     Yormak Employment & Disability Law
                                                     27200 Riverview Center Blvd., Suite 109
                                                     Bonita Springs, Florida 34134
                                                     Telephone: (239) 985-9691
                                                     Fax: (239) 288-2534
                                                     Email: byormak@yormaklaw.com